An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
DAVID M. KORREY, BAR NO. 6385.

No. 63973 **FILED**

SEP 29 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

*ORDER REJECTING PANEL RECOMMENDATION AND REMANDING
FOR FURTHER PROCEEDINGS*

This is an automatic review, pursuant to SCR 105(3)(b), of a Southern Nevada Disciplinary Board hearing panel's findings that attorney David M. Korrey violated multiple Rules of Professional Conduct and its recommendation that he be given a public reprimand.[1]

The State Bar filed a complaint based on four matters, two of which the panel concluded were not supported by sufficient evidence and dismissed those allegations. Count 1 of the complaint stemmed from Korrey's failure to adequately supervise his nonlawyer assistants, allowing them to engage in activities that constitute the practice of law, such as conducting initial client consultations and negotiating insurance settlements. Korrey's lack of oversight also allowed his assistants to steal 160 checks that were written by Korrey to various service providers or

_____

[1]We deny Korrey's motion, filed on October 3, 2014, to refer this matter back for further proceedings based upon the presentation of perjured testimony at the panel hearing.

15-29529

checks written by insurance companies to Korrey's clients or his law firm. The checks totaled several hundred thousand dollars. The panel found that Korrey violated RPC 1.3 (diligence), RPC 1.15(d) (safekeeping property), RPC 5.3(b) (responsibilities regarding nonlawyer assistants: a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer), RPC 5.5(a)(2) (unauthorized practice of law: assist another person in the unauthorized practice of law) and RPC 8.4(a) (misconduct: violate or attempt to violate the RPC, knowingly assist or induce another to do so, or do so through the acts of another).[2] Count 3 of the complaint concerned a client for whom Korrey settled a personal injury claim. After Korrey issued a settlement check to the client, one of Korrey's assistants engaged the client to invest the proceeds from the settlement in which the client was to receive a monthly payment and, in time, receive the principal sum. The client did not receive all of the money due him from the investment. The panel found that Korrey violated RPC 5.3(b) and RPC 8.4(a).[3] Based on these

---

[2]The panel found that insufficient evidence supported allegations that he violated RPC 5.4 and RPC 8.1. The panel also dismissed the allegation that Korrey violated RPC 1.1.

[3]The panel found that there was insufficient evidence that Korrey violated RPC 1.1, RPC 1.3, RPC 1.15, RPC 5.4, RPC 5.5, and RPC 8.1.

violations, the panel recommended that Korrey be given a public reprimand and pay the costs of the disciplinary proceedings.

This court's automatic review of a disciplinary panel's findings and recommendations is de novo. SCR 105(3)(b); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992). "Although the recommendations of the disciplinary panel are persuasive, this court is not bound by the panel's findings and recommendation, and must examine the record anew and exercise independent judgment." *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). The State Bar has the burden of showing by clear and convincing evidence that Korrey committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995).

After reviewing the record, we conclude that clear and convincing evidence supports the panel's findings that Korrey violated RPC 1.3, RPC 1.15(d), RPC 5.3(b), RPC 5.5(a)(2), and RPC 8.4(a) as to count 1 of the complaint.[4] We further conclude that the panel's findings that Korrey violated RPC 5.3(b) and RPC 8.4(a) as to count 3 of the complaint are not supported by clear and convincing evidence. However, we conclude that the panel's recommendation of a public reprimand is insufficient in relation to Korrey's conduct. Therefore, we reject the panel's recommended discipline and remand this matter to the Southern

---

[4]Contrary to Korrey's contentions, we conclude that sufficient evidence supports the aggravating factors found.

Nevada Disciplinary Board to reassess the discipline in this matter.[5]

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                              Douglas

_____, J.          _____, J.
Saitta                                   Pickering


CHERRY, J., with whom, GIBBONS, J., agrees, dissenting:

We dissent. We would approve the recommended discipline of a public remand as it is appropriate under the circumstances.

_____, J.
Cherry

_____, J.
Gibbons


cc:      Chair, Southern Nevada Disciplinary Panel
         Law Offices of David M. Korrey
         Bar Counsel, State Bar of Nevada

_____

[5]This order constitutes our final disposition of this matter. Any further proceedings concerning Korrey shall be docketed as a new matter.